IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| FALL SAFE ON LINE-COMÉRCIO DE PRODUTOS DE PROTECÇÃO PESSOAL LDA., <br><br> Plaintiff, <br> v. <br><br> H. V. INDUSTRIES, INC. and FSP USA, LLC <br><br> Defendants. | Civil Action No. 1:16-cv-1233 |

## COMPLAINT
**(Jury Trial Demanded)**

Plaintiff Fall Safe On Line-Comércio de Produtos de Protecção Pessoal Lda., alleges as follows:

1. This is an action for trademark infringement and unfair competition, arising under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"); the North Carolina Unfair Business Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.*; and the common law.

2. Plaintiff Fall Safe On Line-Comércio de Produtos de Protecção Pessoal Lda. ("Fall Safe") is a Portuguese Company.

3. Upon information and belief, Defendant H. V. Industries, Inc. ("H.V. Industries") is a corporation organized and existing under the laws of the state of North Carolina with a principal business address of 2030 Wilshire Court, Concord, NC 28025, and/or 322 Industrial Court, Concord, NC 28205, and is doing business in North Carolina.

4. Upon information and belief, Defendant H.V. Industries has also operated and conducted business under the trade names "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA."

5. Upon information and belief, Defendant FSP USA, LLC ("FSP USA") is a limited liability company organized and existing under the laws of the State of North Carolina with a principal business address of 2030 Wilshire Court, Concord, NC 28025, and/or 322 Industrial Court, Concord, NC 28205, and is doing business in North Carolina.

6. Upon information and belief, Defendant FSP USA has operated and conducted business under the trade names "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA."

7. Upon information and belief Darrell W. Hagler, of 1144 Asheford Green Avenue, Concord, NC 28027, is the secretary of FSP USA and H.V. Industries.

8. Upon information and belief Gene K. Verble, Jr., of 290 Rosemont Avenue, Concord, NC 28025, is the President of FSP USA and H.V. Industries.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under § 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338, and § 1367. The Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds the sum or value of $75,000.00.

10. Upon information and belief, Defendants H.V. Industries and FSP USA (collectively "Defendants") are organized under the laws of the State of North Carolina,

with their principal places of business in Cabarrus County, North Carolina. Upon information and belief, principals, members, shareholders, directors, and officers of Defendants reside in Cabarrus County, North Carolina. As such, Defendants are subject to the jurisdiction of this Court and venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

### Plaintiff's Mark

11. Plaintiff Fall Safe is in the business of developing, designing, manufacturing, selling, importing and exporting personal protective equipment and anti-fall protection equipment. Fall Safe's product line includes, but is not limited to, fall arrest harnesses, lanyards, connectors, helmets, and fall arrest blocks, which are used around the world by organizations and individuals who work at dangerous heights or in confined spaces.

12. Plaintiff Fall Safe is the owner of the well-known trade mark "FALL SAFE" for protection equipment, which Fall Safe has used continuously since 2001, and which is registered in many countries.

13. Plaintiff Fall Safe is also the owner of various design-models registered in various countries for protection equipment.

14. The United States Patent and Trademark Office has recognized Plaintiff's rights to the FALL SAFE mark by issuing U.S. Federal Trademark Registration No. 4304068 for "FALL SAFE," which is registered in the United States Patent and Trademark Office in International Class 009 for "fall protection equipment for fall restraint and fall arrest, namely, harnesses, safety belts, shock absorbers and protective suits and vests

3

specially adapted for use by workers to protect against bodily injury and blunt force trauma from falls."

15. Since Plaintiff adopted its distinctive mark, Plaintiff has used it continuously and extensively in interstate commerce in connection with the advertising, promotion and sale of various protection equipment. Plaintiff's mark has been, and continues to be, widely publicized through substantial advertising and promotion. Plaintiff has expended significant assets and money in connection with such advertising and promotion, which has been disseminated through different types of media.

16. Plaintiff's goods are also distinctive from other fall protection equipment because Plaintiff uses a highly visible lime green colored webbing and material in its products. The color scheme is non-functional and distinctive to Plaintiff's goods. In addition to the lime green webbing, Plaintiff's goods employ other unique design elements that render Plaintiff's goods and trade dress distinctive.

17. Sales of goods in connection with Plaintiff's mark have amounted to more than twenty million dollars. As a result of such sales, as well as Plaintiff's advertising and promotion, the public has come to associate Plaintiff's mark and distinctive color scheme and overall trade dress with Plaintiff's goods, which are of a high and uniform quality.

### **Defendants' Infringing Use of Plaintiff's Mark**

18. Well after Plaintiff's adoption and first use of Plaintiff's mark, Defendants began their unauthorized use of the FALL SAFE mark and/or confusingly similar marks in commerce in connection with the sale, offering for sale, distribution, advertising, and/or provision of personal protective equipment and anti-fall protective equipment.

4

19. Plaintiff's use of its mark precedes any use or filing date by either of Defendants of any confusingly similar mark.

20. Plaintiff and H.V. Industries began discussing a business relationship in 2009. In October 2009, Jan Ekman, Plaintiff's President, met with representatives of H.V. Industries at a trade show in Germany, where the parties discussed H.V. Industries potentially becoming the exclusive distributor for Plaintiff's products in North America, Central America, and South America. The parties never finalized this agreement and at no time did H.V. Industries operate as the exclusive distributor of Plaintiff's products.

21. However, since approximately 2009, H.V. Industries has periodically purchased products from Plaintiff, and, at times, Plaintiff allowed H.V. Industries to sell and market Plaintiff's products under the name "Fall Safe USA" in the United States.

22. At no time did Plaintiff give Defendants permission to use the FALL SAFE mark and/or any confusingly similar mark on products manufactured by or on behalf of Defendants.

23. At no time did Plaintiff give Defendants permission to use the FALL SAFE mark and/or any confusingly similar mark to advertise, promote or in any way conduct business using the FALL SAFE and/or any other confusingly similar mark other than to sell and market Plaintiff's products that were purchased from Plaintiff.

24. At no time did Plaintiff give Defendants permission to use Plaintiff's distinctive color scheme and/or any confusingly similar color scheme or non-functional, distinctive elements on products manufactured by or on behalf of Defendants.

5

25. On or about October 22, 2012, Plaintiff first learned that Defendants were infringing on the FALL SAFE mark when Mr. Ekman personally observed an array of Defendants' products which were reproductions and counterfeits of Plaintiff's products. Unbeknownst to Plaintiff, Defendants had been using the FALL SAFE mark and/or a confusingly similar mark on its own products, advertising, website, promotional materials, and catalogs, in commerce, without the consent of Plaintiff. Furthermore, also unbeknownst to Plaintiff, Defendants had also copied Plaintiff's distinctive color scheme and other non-functional, distinctive elements of Plaintiff's goods on the counterfeit goods manufactured by or on behalf of Defendants.

26. Defendants' deceptive conduct described above has caused, and is likely to continue to cause, confusion and mistake by consumers because Defendants are actively marketing the infringing goods and materials to former customers and through the same distribution channels of Plaintiff. For example, Plaintiff has been contacted by consumers in the United States about problems with the infringing, counterfeit goods sold by Defendants.

27. Since Defendants began their infringing and tortious conduct, Plaintiff's sales in the United States have fallen precipitously, going from sales in excess of $300,000 in 2010 to sales of approximately $6,000 in 2015. Defendants have intentionally and deceitfully stolen Plaintiff's market share for fall protection equipment in the United States.

28. Defendants use the "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" designations in connection with identical, similar, or related goods and/or services to those goods and/or services offered by Plaintiff in connection with Plaintiff's mark.

6

29. Defendants' use of the "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" designations is confusingly similar to Plaintiff's mark.

30. Upon information and belief, Defendants' goods and/or services, in connection with which Defendants use the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" are marketed to many of the same potential purchasers in many of the same relevant markets as are Plaintiff's goods and/or services in connection with which Plaintiff uses Plaintiff's mark.

31. Immediately after discussing Defendants' infringing conduct, on November 29, 2012, Plaintiff's attorney in Portugal, João Luis Garcia, on behalf of Plaintiff, sent a letter to Defendants, complaining of Defendants' trademark infringement and requesting Defendants to discontinue said infringement. Plaintiff's attorneys have sent additional demands to Defendants to cease their infringing conduct.

32. On January 15, 2013, Defendant H.V. Industries attempted to register the trademark FALL SAFE USA, which registration was subsequently abandoned.

33. Defendant H.V. Industries also recently filed a trademark application for "FSP USA" with the United Stated Patent and Trademark Office, Serial Number 86828856 ("Defendants' Infringing Application").

34. Defendants have failed and/or refused to cease using the "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" designations and their infringing conduct persists.

35. By virtue of Defendants' unauthorized use of Plaintiff's mark and/or confusingly similar marks in connection with the goods and services described herein, Plaintiff has suffered and is likely to continue to suffer harm and incur damages.

7

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

36. Plaintiff repeats and incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

37. The "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" trademarks, service marks, designation, and/or trade names used by Defendants are identical or nearly identical to Plaintiff's mark. The products and services in connection with which Defendants use these designations are similar or identical to Plaintiff's goods and services and are sold through similar or identical channels of trade.

38. Prior to adopting and using the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" Defendants had actual and constructive notice of Plaintiff's mark and Plaintiff's rights therein due to Defendants' awareness and knowledge of Plaintiff and Plaintiff's trademark registration.

39. Defendants are not authorized by Plaintiff to use Plaintiff's mark in the manner described herein.

40. Despite written notice from Plaintiff of its rights in Plaintiff's mark, and Plaintiff's repeated requests for Defendants to discontinue their infringement, Defendants willfully continue to use the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" and/or other confusingly similar marks or designations.

41. Defendants' use of the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" is likely to be confused or associated with Plaintiff's mark.

42. Defendants' use of the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA," despite notice of infringement from Plaintiff, demonstrates an

intentional, willful and bad faith intent to trade on the goodwill of Plaintiff's mark and name, and to cause confusion, deception, and mistake in the minds of Plaintiff's customers and potential customers by implying a non-existent affiliation or relationship between Defendants and Plaintiff to the great and irreparable injury of Plaintiff, and Defendants have been unjustly enriched thereby.

43. Defendants' infringing conduct is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover damages, including but not limited to, Defendants' profits, Plaintiff's lost profits, and actual, consequential, special, and treble damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117. Upon information and belief, the damages to which Plaintiff is entitled to recover from Defendants, jointly and severally, are in excess of $75,000.00.

## COUNT II: FEDERAL FALSE DESIGNATION, FALSE ADVERTISING, AND UNFAIR COMPETITION

44. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

45. Defendants' use of the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" in connection with goods that were not manufactured by and/or purchased from Plaintiff constitutes false designation of origin and a false description and representation that Defendants and their products and services originate with or are sponsored by or approved by Plaintiff.

46. Plaintiff is, and will continue to be, damaged by such false and misleading designations and representations because such false statements and advertising will cause confusion among the general and purchasing public as to the true origin, sponsorship or affiliation of Defendants' products and services. Defendants' false and misleading designations and representations deprive Plaintiff of its right to compete fairly in interstate commerce.

47. Defendants' actions are calculated to cause confusion and mistake and to deceive customers, potential customers, and the public as to the true affiliation, connection or association of Defendants and their products and services in violation of 15 U.S.C. § 1125(a)(1), and Plaintiff is entitled to injunctive relief, and to recover damages, including but not limited to, Defendants' profits, Plaintiff's lost profits, actual, consequential, special and treble damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1116 and 1117. Upon information and belief, the damages to which Plaintiff is entitled to recover from Defendants, jointly and severally, are in excess of $75,000.00.

## COUNT III: TRADE DRESS INFRINGEMENT

48. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

49. Plaintiff's goods have distinctive elements and appearances, including, but not limited to, the designs of Plaintiff's goods and the use of the highly visible lime green color of the webbing and materials in Plaintiff's goods.

10

50. Plaintiff owns the use of its distinctive elements, including the designs and the highly visible lime green color, in connection with anti-fall protection equipment as trade dress.

51. Consumers have come to recognize Plaintiff's product designs, the lime green color in anti-fall protection equipment, and Plaintiff's trade dress as emanating from Plaintiff.

52. The lime green color, Plaintiff's trade dress, and other distinctive elements and appearances of Plaintiff's goods are non-functional aspects of Plaintiff's goods that distinguish Plaintiff's goods from other goods in the anti-fall protection equipment market.

53. Defendants have used a similar or identical lime green color without Plaintiff's permission in a manner that is likely to confuse consumers.

54. Defendants have copied all distinctive, non-functional elements of Plaintiff's goods in their cloned, counterfeit goods. In fact, the majority of the goods currently offered for sale by Defendants are exact replicas of Plaintiff's goods.

55. Defendants' infringing conduct is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover damages, including but not limited to, Defendants' profits, Plaintiff's lost profits, and actual, consequential, special, and treble damages, costs and reasonable attorney's fees, as allowed by law. Upon information and belief, the damages to which Plaintiff is entitled to recover from Defendants, jointly and severally, are in excess of $75,000.00.

11

Case 1:16-cv-01233-LCB-JEP   Document 1   Filed 10/19/16   Page 11 of 17

## COUNT IV: VIOLATION OF NORTH CAROLINA UNFAIR BUSINESS PRACTICES ACT

56. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

57. Defendants' use of the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" in conjunction with the sale of Defendants' goods and services, and related goods and services, has a tendency or capacity to mislead consumers or create a likelihood of deception among consumers as to the source of origin because such use is identical or substantially similar to Plaintiff's mark.

58. Defendants have and are engaged in acts affecting commerce and business activities in the state of North Carolina and constituting unfair business practices in violation of the North Carolina Unfair Business Practices Act, N.C. Gen. Stat. § 75-1.1.

59. Defendants' conduct has caused Plaintiff irreparable injury. Unless enjoined by the Court, Defendants will continue to cause Plaintiff injury. Plaintiff is entitled to recover from Defendants, pursuant to N.C.G.S. § 75-1.1, *et seq.*, damages, including but not limited to, Defendants' profits, Plaintiff's lost profits, actual, consequential, special, and treble damages, costs and reasonable attorney's fees. Upon information and belief, the damages to which Plaintiff is entitled to recover from Defendants, jointly and severally, are in excess of $75,000.00.

## COUNT V: VIOLATION OF FEDERAL AND NORTH CAROLINA COMMON LAW

60. Plaintiff repeats and incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

12

Case 1:16-cv-01233-LCB-JEP   Document 1   Filed 10/19/16   Page 12 of 17

61. The actions of Defendants violate the common law of the State of North Carolina and federal common law.

## COUNT VI: UNJUST ENRICHMENT

62. Plaintiff repeats and incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

63. By utilizing the goodwill and intellectual property of Plaintiff, and/or by taking the unauthorized actions described above, Defendants have wrongfully, willfully, wantonly and/or recklessly diverted substantial profits and other benefits from Plaintiff.

64. Defendants are not entitled to retain the profits and other benefits derived from unauthorized use of Plaintiff's property or goodwill, or from such other unauthorized actions as described above. As a result, Defendants have received unjust enrichment, and must return to Plaintiff all profits and other benefits wrongfully received.

## COUNT VII: INJUNCTION REGARDING AND/OR CANCELLATION OF DEFENDANTS' INFRINGING APPLICATION AND/OR ANY REGISTRATION ISSUING FROM SUCH APPLICATION

65. Plaintiff repeats and incorporates all of the allegations of the preceding paragraphs as if fully set forth herein.

66. Defendants' Infringing Application, the use of the words "FSP USA," and/or any registration that issues from Defendants' Infringing Application should not be allowed or should be cancelled because, as alleged herein, "FSP USA" conveys a false suggestion of a connection to Plaintiff, is likely to cause confusion among consumers, infringes on Plaintiff's prior mark, and may otherwise dilute Plaintiff's mark.

67. Defendants should be enjoined from, among other things, using "FSP USA" and/or the mark contained in Defendants' Infringing Application, and otherwise proceeding with Defendants' Infringing Application. Furthermore, any rights arising out of "FSP USA," Defendants' Infringing Application, and/or any registration issuing from Defendants' Infringing Application should be transferred to Plaintiff.

68. Furthermore, Plaintiff is entitled, pursuant to 15 U.S.C. §§ 1064 and 1119, to an Order directing that the USPTO cancel Defendants' Infringing Application and/or any registration that issues from such application.

**JURY DEMAND**: A jury trial is demanded.

Wherefore, Plaintiff prays:

1. That Defendants and any officers, agents, employees, parents, affiliates, subsidiaries, attorneys and all persons in active concert or participation with Defendants be permanently enjoined and restrained from:

(a) in any way using the names or marks "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" or any trademark, service mark, design, phrase, logo, designation, or trade name that is similar to Plaintiff's mark or that diminishes the value thereof, in connection with Defendants' business, products, or services, or on the Internet and/or in any domain name;

(b) expressly or impliedly representing that their business or products or services are affiliated, connected or associated with, or authorized, sponsored or approved by Plaintiff;

(c) engaging in any other conduct which will cause or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection or association, or origin, sponsorship or approval of Defendants' business' products or services with or by Plaintiff; and

(d) otherwise infringing upon Plaintiff's mark or unfairly competing with Plaintiff in any manner whatsoever.

2. That an accounting be ordered and judgment be rendered against Defendants for all profits received from the provision of products or services, directly or indirectly, in connection with or advertised or promoted in any manner, using the "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" designations or any other names, marks, designs, phrases or logos which are similar to any of Plaintiff's marks or by using any false representations, descriptions or designations of origin with respect to Defendants' products and services.

3. That judgment be entered against Defendants, jointly and severally, in favor of Plaintiff for all damages sustained by Plaintiff on account of Defendants' infringement, unfair competition and false designation of origin of products and services, and trade dress infringement and that such damages be trebled.

4. That punitive damages be awarded to Plaintiff by reason of Defendants' willful, intentional, deliberate, malicious and bad faith actions in order to deter such actions in the future.

5. That Defendants be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationery, calling cards, information sheets, posters, signs and any and all other printed, electronic or graphic

materials of any type including the plates, molds or other means of producing the materials which bear thereon the infringing and unfairly competing name or mark that includes the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" or any designations similar thereto.

6. That Defendants be required to deliver written notice, in a form approved by the Court, to: (a) all current and past customers; (b) all prospective customers who have received advertising and promotional materials bearing the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA"; and (c) current and past employees, dealers, publishers, promoters, trade organizations or other persons enlisted to promote or publish Defendants' products or services bearing or utilizing the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" that Defendants have been enjoined and restrained from use of the designations "Fall Safe," "Fall Safe USA," "FSP," and/or "FSP USA" as described in Paragraph 1 of this Prayer, or as otherwise ordered by the Court.

7. That Defendants be directed to file with the court and serve on Plaintiff within thirty days after entry of a final injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

8. That the Court enter an Order enjoining Defendants from proceeding with and abandoning Defendants' Infringing Application (Serial No. 86828856) and transferring any rights to Defendants' Infringing Application (Serial No. 86828856) or any registration that issues in connection with such application to Plaintiff; or otherwise directing that the United States Patent and Trademark Office cancel Defendants' Infringing

16

Case 1:16-cv-01233-LCB-JEP   Document 1   Filed 10/19/16   Page 16 of 17

Application (Serial No. 86828856) and/or any registration that issues in connection with such application.

9.  That Plaintiff have and recover its costs in connection with this suit, including reasonable attorneys' fees and expenses.

10. That Plaintiff have such other and further relief as the court may deem just and proper.

This 19th day of October, 2016.

Respectfully submitted,

/s/ Andrew A. Freeman
Arthur J. DeBaugh, N.C. State Bar No. 15831
Kevin G. Williams, N.C. State Bar No. 25760
Andrew A. Freeman, N.C. State Bar No. 41248
BELL, DAVIS & PITT, P.A.
*Attorneys for Plaintiff*

OF COUNSEL:
**BELL, DAVIS & PITT, P.A.**
100 North Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC  27120-1029
Telephone:   336/722-3700
Facsimile:    336/722-8153
Email: adebaugh@belldavispitt.com
          kwilliams@belldavispitt.com
          afreeman@belldavispitt.com